UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

*Filed Electronically*

| | | |
|---|---|---|
| SCOTT PALMER MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:17-cv-193-GNS |
| | ) | |
| ALLY FINANCIAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL OF CIVIL ACTION**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY, BOWLING GREEN DIVISION:

Pursuant to 28 U.S.C. § 1331, 1332, 1441 and 1446, Defendant Ally Financial, Inc. ("Ally") by counsel hereby removes this action from Warren Circuit Court, Warren County, Kentucky, to the United States District Court for the Western District of Kentucky, Bowling Green Division. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a). Accordingly, Ally removes this action and in support of its Notice of Removal states the following:

**I.     BACKGROUND**

1. On November 2, 2017, Plaintiff Scott Palmer Mason ("Plaintiff") filed a Complaint (the "Complaint") against Defendant, in a civil action in the Warren Circuit Court, Warren County, Kentucky, Case No. 17-CI-01320. A copy of the Complaint filed in state court,

as well as a copy of all process, pleadings and orders served upon Ally, is attached hereto as **Exhibit A**.

2. In his Complaint, Plaintiff specifically alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. The Complaint asserts claims that stem from the terms and servicing of Plaintiff's Auto Loan in the amount of $34,480.50 (the "Loan").

4. Ally received a copy of the Complaint on November 9, 2017. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

5. This Notice of Removal is being filed within one (1) year of the date of commencement of the action for removal purposes. Accordingly, the action is timely removed pursuant to 28 U.S.C. § 1446(c).

6. Plaintiff also asserts claims purporting to arise under the Kentucky Consumer Credit Protection Act [sic], other various Kentucky Statutes, and Kentucky common law. These claims are related to the Plaintiff's federal claims for alleged violations of the TCPA, which are within the original jurisdiction of this Court. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

7. Ally denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed his Complaint in this Court under federal question jurisdiction because resolution of Plaintiff's claims will require determination of significant, disputed issues under federal law.

8. Moreover, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have filed the Complaint in this Court under diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.

## II. FEDERAL JURISDICTION

### A. Federal Question

9. In the Complaint, Plaintiff asserts claims, among others, purporting to arise under the TCPA.

10. Federal question jurisdiction pursuant to 28 U.S.C. § 1331 exists over this action because the claims asserted by Plaintiff in his Complaint involve questions that will require resolution of significant, disputed issues arising under federal law, including the TCPA.

11. Plaintiff's claims purporting to arise under Kentucky law are so related to Plaintiff's federal claims, which are within the original jurisdiction of this Court, that they form part of the same case or controversy. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

### B. Diversity of Citizenship

12. Upon information and belief, Plaintiff is a citizen of the State of Kentucky (Compl. ¶1.)

13. Ally is a federally chartered savings bank organized under the laws of the United States. *See* 12 U.S.C. § 1464(a). By federal statutes, Ally is deemed to be a citizen only of the state in which it has its "home" office. *See id.* at § 1464(x) ("In determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home office.").

14. Ally's home office, as set forth in its federal charter, is located in the State of Michigan. For purposes of diversity jurisdiction under 28 U.S.C. § 1332, Ally is a citizen of the State of Michigan.

15. Accordingly, there is complete diversity between Plaintiff and Defendant.

**C.**  **Amount in Controversy**

16. To establish diversity jurisdiction, "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and cost." 28 U.S.C. § 1332(a).

17. "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

18. "It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdiction amount is met." *Clark v. Nat. Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975).

19. Section 367.220(3) of the Kentucky Consumer Protection Act provides that "[i]n any action brought by a person under this section, the court may award, to the prevailing party, in addition to the relief provided in this section, reasonable attorney's fees and costs."

20. Plaintiff brings claims under Chapter 367, the Kentucky Consumer Protection Act, for issues involving debt collection calls and other issues.

21. Plaintiff also brings claims under the TCPA, 47 U.S.C. § 227 (b)(3)(C) which permits recovery for up to $1,500 per violation.

22. Furthermore, Plaintiff seeks damages for the full amount of the contract price and alleged intentional infliction of mental and emotional distress.

23. Accordingly, Plaintiff's claims exceed the $75,000 amount in controversy threshold.

### III. VENUE

24. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391 and 1441. The Warren Circuit Court, Warren County, Kentucky is located within this District.

### IV. NOTICE

25. Concurrent with filing this Notice of Removal, Ally will file a Notice of Filing of Notice of Removal with the Clerk of the Warren Circuit Court, Warren County, Kentucky and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **Exhibit B**.

26. Ally reserves the right to amend its Notice of Removal and/or oppose any amendment of Plaintiff's Complaint that would add any non-diverse defendant(s), destroying this Court's diversity jurisdiction.

27. If any questions arise as to the proprietary of the removal of this action, Ally requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendant Ally Financial, Inc. respectfully requests the above-captioned action brought in the Warren Circuit Court, Warren County, Kentucky be removed to the United States District Court for the Western District of Kentucky, Bowling Green Division, and that said U.S. District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: November 28, 2017                    Respectfully submitted,

                                                  **ALLY FINANCIAL, INC.**

                                                  By: <u>/s/ Jonathan M. Kenney</u>
                                                  Jonathan M. Kenney
                                                  Kentucky Bar No. 95661
                                                  TROUTMAN SANDERS LLP
                                                  222 Central Park Avenue, Suite 2000
                                                  Virginia Beach, VA 23462
                                                  Telephone:  (757) 687-7529
                                                  Facsimile:   (757) 687-1510
                                                  E-mail: jon.kenney@troutmansanders.com
                                                  *Counsel for Defendant Ally Financial, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2017, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system, and that notices would be delivered electronically and by Federal Express, postage pre-paid to counsel for the parties.

**Counsel for Plaintiff**
Scott Palmer Mason
*Pro Se*
1568 Trillium Lane
Suite 512
Bowling Green, KY 42104


/s/ Jonathan M. Kenney
Jonathan M. Kenney
KY Bar No. 95661
222 Central Park Avenue, Suite 2000
TROUTMAN SANDERS LLP
Virginia Beach, VA 23462
Telephone: (757) 687-7529
Facsimile: (757) 687-1510
E-mail: jon.kenney@troutmansanders.com
*Counsel for Defendant Ally Financial, Inc.*

33322599